**Paul PERKINS, Individually and on behalf of a class of all persons similarly situated, Plaintiff**

v.

**AMERICAN NATIONAL INSURANCE COMPANY, a foreign corporation, Defendant.**

No. 3:05–CV–100 (CDL).

United States District Court,
M.D. Georgia,
Athens Division.

Aug. 18, 2006.

Dustin T. Brown, James E. Butler, Jr., James Clay Fuller, Jason Lance Crawford, Samuel W. Oates, Jr., Columbus, GA, for Plaintiff.

Derrick Lee Bingham, William Seaborn Jones, Atlanta, GA, for Defendant.

### ORDER

LAND, District Judge.

The Court presently has pending before it "Plaintiff Perkins' Emergency Motion for Order Determining Whether ANICO May Divest This Court of Jurisdiction"

(Doc. 23). The Court held a hearing on Plaintiff's motion on August 18, 2006. For the following reasons, the Court grants Plaintiff's motion in part.

## BACKGROUND

This putative class action was originally filed in the Superior Court of Athens–Clarke County, Georgia ("*Perkins* action"). Plaintiff alleges that Defendant failed to refund unearned premiums on credit life and credit disability insurance policies issued to Plaintiff and similarly situated putative class members in connection with retail installment loans.

Defendant subsequently removed this case to this Court on November 18, 2005. After removal, Plaintiff sought a voluntary dismissal of the case without prejudice on January 5, 2006. Plaintiff's counsel states that he sought the voluntary dismissal because he had reached an agreement with counsel for a plaintiff in a similar class action pending in state court, *Gross v. American National Insurance Company,* Superior Court of Muscogee County, Case No. SU–CV–569–6, that they would proceed jointly on the class action claims in state court. Defendant objected to Plaintiff's dismissal of this action, contending that Plaintiff was engaging in the type of legal gamesmanship that the recently enacted Class Action Fairness Act of 2005, Pub.L. 109–2, 119 Stat. 4, was designed to prevent. (Doc. 11.) Before the Court had an opportunity to rule on Plaintiff's motion to dismiss, the parties filed a joint motion to stay any ruling on that motion and any other "activity in this action" so that the parties could concentrate their efforts on a possible settlement of the state court case. (Doc. 12.) The Court granted the parties' joint motion to stay, and the matter has been stayed until now. (Doc. 13.)

During the period of this stay, the Georgia Court of Appeals issued an opinion in a state class action case addressing some of the substantive legal issues that may be applicable in this case. Plaintiff contends those issues were resolved by the Georgia Court in a manner that is favorable to Plaintiff's position in this case. *See J.M.I.C. Life Ins. Co. v. Toole,* No. A06A0992, 2006 WL 1882362 (Ga.Ct.App. July 10, 2006).

Prior to the decision by the Georgia Court of Appeals in *Toole* but within a few weeks after the oral argument in that case, another class action was filed in the United States District Court for the Western District of Texas on April 21, 2006. *See Boren v. American National Ins. Co.,* Case No. A–06–CA–294 ("the *Boren* action" or "the Texas action"). Plaintiff suggests that *Boren* was filed in collusion with Defendant to avoid the consequences of *Toole.* According to Plaintiff, the plaintiff in *Boren* refinanced his car within a couple of weeks prior to the filing of the case, so that he would have standing to file his case. Shortly after Boren filed his lawsuit, Defendant entered into a nationwide settlement agreement with the class representative in *Boren.* Plaintiff suggests that a "fast track" settlement was reached in *Boren* without any notice to Perkins or his counsel in order to eliminate class certification in *Perkins* or *Gross.*

On July 18, 2006, without any notice to Perkins or his counsel, Defendant and Boren's counsel convinced the district judge in the *Boren* case to enter an order "Preliminarily Certifying A Class for Settlement Purposes, Preliminarily Approving the Class Settlement, Appointing Class Counsel, Directing the Issuance of Notice to the Class, Enjoining Prosecution of Released Claims, and Scheduling a Fairness Hearing." When Perkins's counsel learned of the *Boren* action, they promptly filed, on August 8, 2006, a motion in *Boren* to intervene, a motion for expedited con-

sideration, a motion to vacate the court's previous order, and a motion to transfer the *Boren* case to this Court under the "first-filed rule." Two days later, on August 10, 2006, Perkins's counsel filed an "emergency motion to stay the Court's July 18, 2006 order" with the Texas court. The next day Perkins filed his motion in this Court entitled "Plaintiff Perkins' Emergency Motion for Order Determining Whether ANICO May Divest this Court of Jurisdiction." (Doc. 23.) Apparently having received no confirmation from the Texas district court that his "emergency" motion filed there would be acted upon as expeditiously as Perkins felt necessary under the circumstances and concerned that further delay would lead to irreparable harm to their client and the putative Perkins class, Perkins's counsel filed a motion with this Court on August 15, 2006 for expedited consideration and "immediate hearing" on his pending motion in this Court. The Court ordered that the parties appear on August 18, 2006 for a hearing, which they did.

## DISCUSSION

■ The issue for this Court to decide is whether it has the authority under the All Writs Act, 28 U.S.C. § 1651, to enjoin the Defendants from consummating the settlement in Texas based upon the "first-filed rule."[1] For the following reasons, the Court finds that while it does not have the authority to enjoin the *Boren* settlement, it does have the authority to require the Defendant to file a motion for stay in the *Boren* case, which stay would remain in effect until the Texas court has ruled upon Perkins's motion to intervene and transfer.

■ The Fifth Circuit has made it clear that under the "first-filed rule," the court where the subsequently filed action has been filed should defer to the court where the first action was filed to allow that court to decide whether it should exercise jurisdiction over both cases in a consolidated action. *See Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997)("[T]he Fifth Circuit adheres to the general rule, that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed ... [t]herefore, the 'first to file rule' not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated."). The Eleventh Circuit also follows the "first-filed rule." *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135–36 (11th Cir.2005) ("[W]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule.").

There is no doubt that substantial overlap exists between the *Perkins* case and the *Boren* case. They are essentially identical. Therefore, it appears clear under Fifth Circuit precedent that the "first to file rule" requires the Texas Court to allow this Court to decide whether the two cases should proceed in Georgia rather than in Texas. Regrettably, counsel for Perkins never had the opportunity to make this

---

1. While the Court has some concerns as to the timing of the *Boren* case filing and the subsequent quick settlement, the Court's ruling today is not based upon the finding of any improper collusion between the Defendant, its attorneys, and *Boren* and his attorneys. The

present record is insufficient to support any such finding. However, depending upon how this case proceeds, any improper collusion, if sufficiently proven, may be an appropriate consideration for any Court deciding issues relating to jurisdiction. *See* 28 U.S.C. § 1359.

argument to the Texas court before that court preliminarily approved the settlement. It appears that the parties to the *Boren* case never raised the "first-filed" issue with the Texas court, presumably because they wanted the case to remain in the "second-filed" forum.

Based on the foregoing, it is clear to this Court that the "first-filed rule," which is followed in both the Fifth and Eleventh Circuits, would require that the "first-filed forum" (Georgia) decide whether these two cases should proceed in Georgia or Texas. The question before this Court is whether it can use the All Writs Act to protect its presumptive jurisdiction over these cases when another federal court is presently exercising jurisdiction over the "second-filed action." [2]

■ The All Writs Act provides a federal court with limited authority to enjoin parties in other legal proceedings to protect its own jurisdiction. 28 U.S.C. § 1651. It is clear that under the All Writs Act a federal court has the power to enjoin a party from attempting to relitigate the same or related issues in another federal court. *See New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 879 (5th Cir. 1998). However, the simple fact that litigation involving the same issues is occurring concurrently in another forum does not sufficiently threaten a court's jurisdiction to warrant an injunction under the All Writs Act. *Klay v. United Healthgroup*, 376 F.3d 1092, 1103 (11th Cir.2004); *see also Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1132 (11th Cir.2005). As explained by the Eleventh Circuit in *Alabama v. U.S. Army Corps of Engineers*, the All Writs Act confers on courts "extraordinary powers" that are "firmly circumscribed." *Id.* Injunctions under the All Writs Act may only issue if adequate remedies at law are unavailable. *Id.* "Generally, if a party will have an opportunity to raise its claims in the concurrent federal proceeding ..., the concurrent proceeding is deemed to provide an adequate remedy at law." *Id.* The Eleventh Circuit has noted that concurrent class actions may, under certain circumstances, present the unique considerations necessary to support an injunction under the All Writs Act. *Id.* at 1132, n. 22 (citing *Liles v. Del Campo*, 350 F.3d 742, 746–47 (8th Cir.2003)).

The Court finds that in this case it presumptively has jurisdiction to decide whether the later filed Texas action should be consolidated with this first filed action. Allowing the parties to proceed with consummation of the settlement in the Texas action would strip this Court of that jurisdiction. If the *Boren* action proceeds toward settlement, Perkins will not be able to have the first-filed issue resolved as required under Fifth Circuit and Eleventh Circuit precedent because of mootness issues. Furthermore, since Perkins is not presently a party in the *Boren* case, he does not have the opportunity prior to the issue becoming moot to present his contentions to that court. Consequently, the Court finds that an adequate remedy at law does not exist. To preserve its jurisdiction and yet to do so as narrowly as possible, the Court orders the Defendant to file a motion to stay in the *Boren* case,

2. The Court recognizes that the cleanest way for this issue to be resolved would be for the Texas court to allow Perkins to intervene in the *Boren* case to raise the "first-filed issue." Then, if the Texas court ruled against a transfer, Perkins could appeal to the Fifth Circuit pursuant to the rationale in *Sutter*, 125 F.3d at 920. However, due to the unique circumstances arising from the class action aspect of these cases, delay in ruling on such motion increases the likelihood that the issue may effectively become moot, thus preventing Perkins from ever being able to make the case that the well recognized "first-filed rule" should be applied in this case.

which stay would remain in effect until the Texas court has had an opportunity to decide Perkins's presently filed motion to intervene and motion to transfer.[3] Defendant shall file the motion to stay on or before 5:00 P.M. on August 23, 2006.[4]

## CONCLUSION

Plaintiff's motion (Doc. 23) is granted in part. In order to preserve its jurisdiction and assure that the "first-filed rule" is considered, the Court, pursuant to the All Writs Act, orders Defendant to file on or before 5:00 P.M. on August 23, 2006 with the U.S. District Court for the Western District of Texas in the case of *Douglas Boren v. American National Insurance Company*, Case No. A–06–CA–294LY, a motion to stay the *Boren* action until the court in the *Boren* case decides Perkins's motion to intervene and motion to transfer.

IT IS SO ORDERED, this 18th day of August, 2006.

3. The Court observes that it has provided this narrow relief in order to avoid issuing any order that directly conflicts with any order issued by the district court in Texas. While the Court is inclined to order Defendant to refrain from taking any action in furtherance of the consummation of the *Boren* settlement until the Texas court has ruled on the "first-filed" issue, the Court has concluded that any relief broader than what the Court has ordered could conflict directly with the Texas court's pending order regarding settlement, and this Court does not seek to take any action that is interpreted as having the effect of enjoining a fellow district Court, which this Court recognizes it does not have the authority to do.

4. In filing the motion, it shall be sufficient and in compliance with this Court's order for Defendant simply to state in the motion that "it is filing a motion to stay the proceedings as required by the Georgia Court's order, which is attached," and to attach this order.